IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jaquan Ferrell, Daniel Shannon, and Tasha Saxon, | ) ) ) | C/A No.: 1:11-1098-SB-SVH |
| Plaintiff, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Agent Director of the South Carolina Department of Corrections, | ) ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiffs, proceeding *pro se*, brought this action alleging violations of their due process rights.  Plaintiffs Ferrell and Shannon are inmates incarcerated in the custody of the South Carolina Department of Corrections ("SCDC") and Saxon is an individual who regularly corresponds with Ferrell. This matter is before the court on the following motions: (1) Defendant's motion to dismiss [Entry #11]; and (2) Shannon's motion to remand [Entry #18]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.  Because the motion to dismiss is dispositive, this Report and Recommendation is entered for review by the district judge.

I.      Factual and Procedural Background

According to Plaintiffs' complaint, Shannon's personal property was "stolen from him by agents, employees, or servants of Defendant" during his transfer from Perry Correctional Institution to the maximum security unit in Columbia on June 23, 2009.

Compl. at 4 [Entry #1-2]. Shannon alleges his "personal journal, various legal documents, correspondence[], and addresses" were taken. *Id.* Additionally, Plaintiffs allege that Ferrell was stripped of his property during a forced cell extraction on August 8, 2009. *Id.* According to the complaint, "Ferrell was never given any documentation of the disposition of his legal work, correspondence[], or his personal writings, including letters and pictures sent by Plaintiff Saxon." *Id*. Plaintiffs claim they were deprived of their property without due process. *Id*. In their claim for relief, Plaintiffs seek monetary damages and a declaration that "Defendant violated the state-created liberty interests and the 14th Amendment rights of the Plaintiffs." Compl. at 5 [Entry #1-2].

Plaintiffs originally filed the complaint in state court. Defendant removed the complaint to this court on May 6, 2011, invoking the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. [Entry #1]. On May 19, 2011, Defendant filed a motion to dismiss arguing that the complaint fails to state a claim upon which relief could be granted. [Entry #11]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiffs were advised of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to the Defendant's motion. [Entry #13]. Shannon filed a motion to remand on May 27, 2011 [Entry #18], and a response to Defendant's motion to dismiss on June 3, 2011 [Entry #19]. Plaintiffs Ferrell and Saxon have failed to respond to Defendant's motion to dismiss. Having carefully considered the parties' submissions and the applicable law, the undersigned recommends

that Shannon's motion to remand be denied and Defendant's motion to dismiss be granted.

II.   Discussion

   A.   Standard of Review

Defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b). This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see*

3

*also Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a pro se complaint, the United States Supreme Court has recently made clear that, under Fed. R. Civ. Proc. 8, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555.

Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

4

B.   Analysis

1.   Motion to Remand

In his motion to remand, Shannon argues: (1) that he could not have originally brought the suit in federal court because he had a post-deprivation remedy of filing the action in state court; and (2) even if this court could exercise jurisdiction in this matter, the court should abstain from deciding the issue under the *Pullman* abstention doctrine.

With regard to Shannon's first argument, he cites *Hudson v. Palmer*, 468 U.S. 517 (1984), which holds "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." 468 U.S. at 533.  However, the *Hudson* court's discussion is not related to federal jurisdiction, but is instead limited to whether a prisoner's claim for deprivation of property is available under the Fourteenth Amendment when a post-deprivation remedy, such as a state-law tort claim, is already available.  Here, while the viability of Plaintiffs' Fourteenth Amendment claim may be questioned, it is clear that the court has jurisdiction over such a claim, as it involves, on its face, a question arising under the Constitution. *See* 28 U.S.C. 1331.  For this reason, Shannon's argument fails, as this court would have jurisdiction of this case if originally brought in federal court.

Shannon also argues that the court should refrain from exercising jurisdiction over this case based on *Pullman* abstention. *Pullman* abstention is appropriate where there are unsettled questions of state law that may dispose of the case and avoid the need for

deciding the constitutional question. 17A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4242 (3d ed. 2011). In the case at hand, Plaintiffs appear to have brought claims under state due process principles as well as the Fourteenth Amendment. Even if the state due process claim were resolved, the Fourteenth Amendment claim would remain and prevent disposal of the case. Consequently, *Pullman* abstention does not apply to this case. *See Southeast Booksellers Ass'n v. McMaster*, 282 F.Supp.2d 389, 396 (D.S.C. 2003) (citing *Kusper v. Pontikes*, 414 U.S. 51, 54–55 (1973) (finding that a prerequisite for *Pullman* abstention is that a state court's clarification of state law would resolve the need for a federal constitutional ruling).

Therefore, because he has failed to demonstrate that the court lacks jurisdiction over this claim, it is recommended that Shannon's motion to remand [Entry #18] be denied.

2. Defendant's Motion to Dismiss

Defendant also argues this case should be dismissed based on the state's immunity from suit in federal court pursuant to the Eleventh Amendment. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Under the Eleventh Amendment, . . . neither a State nor its officials in their official capacity may be sued for damages in federal court without their consent." *Gamache v. Cavanaugh*, 82 F.3d 410 at *1 (4th Cir. 1996). Eleventh Amendment

protection from damages suits also applies to state employees acting in their official capacity as "arms of the State." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U. S. 139, 144 (1993) (Stevens, J., dissenting). Therefore, to the extent Defendant is sued for monetary damages in his official capacity, Plaintiffs' claims are barred.

Defendant also contends that Plaintiffs failed to make any actual allegations against him and he cannot be held liable on a theory of *respondeat superior* or vicarious liability. The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984), *cert. denied*, *Reed v. Slakan*, 470 U.S. 1035 (1985).

Plaintiffs have not alleged that Defendant was personally responsible for any of the incidents or acted in any way other than a supervisory role. Further, Plaintiffs have not shown that Defendant was deliberately indifferent to, or tacitly authorized, any of the actions or inactions of SCDC employees. Thus, Plaintiffs fail to show that Defendant is

liable on a theory of *respondeat superior* or supervisory liability, and it is recommended that Defendant's motion to dismiss be granted.

    C.    Plaintiffs Ferrell and Saxon

Plaintiffs Ferrell and Saxon have failed to respond to Defendant's motion to dismiss. Plaintiffs were specifically advised that if they failed to respond adequately, Defendant's motion may be granted, thereby ending this case. [Entry #13]. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Ferrell and Saxon have failed to respond to the motion.

On September 19, 2011, the court ordered Ferrell and Saxon to advise whether they wished to continue with the case by October 3, 2011. [Entry #24]. They have filed no response. As such, it appears to the court that they do not oppose the motion and wish to abandon this action. Based on the foregoing, to the extent the district judge does not accept the undersigned's recommendation above regarding the substance of the motion to dismiss, the undersigned recommends Ferrell's and Saxon's claims be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

III.    Conclusion

For the foregoing reasons, it is recommended that Shannon's motion to remand [Entry #18] be denied and Defendant's motion to dismiss be granted [Entry #11]. Additionally, to the extent the district judge does not accept the undersigned's recommendation above regarding the substance of the motion to dismiss, the undersigned

8

recommends Ferrell's and Saxon's claims be dismissed with prejudice for failure to prosecute.

IT IS SO RECOMMENDED.

*[signature]*

October 6, 2011  
Florence, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**